IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VERIZON EMPLOYEE BENEFITS COMMITTEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| RICHARD GLASER AND ROBERT GLASER IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF KENNETH GLASER, | ) ) ) ) ) | Civil Action No. _____ |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Now comes Plaintiff The Verizon Employee Benefits Committee, by and through its undersigned counsel, and asserts the following as its Complaint against Defendants:

### <u>Introduction</u>

1.      This is an action for declaratory, injunctive, and other appropriate relief brought to recover amounts mistakenly paid from a pension plan to Richard Glaser and/or to seek declaratory relief with respect to the rights of respective defendants following an erroneous payment made from a pension fund to Richard Glaser.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001 <u>et</u> <u>seq</u>., and under the Declaratory Judgment Act, 28 U.S.C. §2201 <u>et</u> <u>seq</u>.

### <u>Parties</u>

3.      Plaintiff The Verizon Employee Benefits Committee (the "VEBC" or "Plaintiff") is a fiduciary of the Verizon Pension Plan for New York and New England Associates (the "Pension Plan") as those terms are defined ERISA.  The Committee has delegated the

responsibility for the Pension Plan's day-to-day administration to the pension administration department within the human resources department of Verizon Communications Inc. ("Verizon"), which is a Delaware corporation with a principal office located in Basking Ridge, New Jersey.

4.      Defendant Richard Glaser is an individual who is a citizen of the state of New York, residing at 2 Heyden Road, Troy, New York 12180.

5.      Defendant Robert Glaser is an individual who is a citizen of the state of New York, residing at 103 Lyndale Avenue, Tonawanda, New York 14223.  Upon information and belief, Robert Glaser is the brother of the late Kenneth Glaser and is the duly appointed Executor of the Estate of Kenneth Glaser, having been granted letters testamentary on or about August 27, 2010 by the Surrogate's Court for the County of Erie, New York.  Robert Glaser is named as a defendant herein in his capacity as Executor of the Estate of Kenneth Glaser (hereinafter the "Glaser Estate").

### Jurisdiction and Venue

6.      Jurisdiction in this action is conferred upon this Court by 28 U.S.C. 1331 and 29 U.S.C.§1332, inasmuch as this action asserts claims under ERISA, and these claims arise under the laws of the United States of America.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1391(c) because a substantial part of the events giving rise to the claims asserted herein occurred in this district, one of the defendants resides in this district, and the Estate of Kenneth Glaser is the subject of a probate proceeding pending in this district in the Surrogate's Court of Erie County, New York.

## Factual Allegations

8.     Kenneth Glaser was an employee of Verizon and/or its affiliates and predecessors. By virtue of his employment with Verizon, Kenneth Glaser was a participant in the Pension Plan.

9.     Kenneth Glaser was also a participant in the Verizon Savings and Security Plan for New York and New England Associates (the "Savings Plan"), which is a 401(k) plan sponsored by Verizon.

10.    Kenneth Glaser died on June 12, 2010.  On information and belief, at the time of his death, Kenneth Glaser was unmarried.

11.    Shortly before his death, Kenneth Glaser contacted the Verizon Benefits Center and advised that he desired to retire from his employment with Verizon.  Thereafter, the Verizon Benefits Center received from Kenneth Glaser or Robert Glaser, a Power of Attorney (the "POA"), in which Kenneth Glaser granted power of attorney to his brother, Robert Glaser.  A true and correct copy of the POA is attached hereto as Exhibit A.

12.    By letter dated June 4, 2010, a copy of which is attached hereto as Exhibit B, the Verizon Benefits Center, acting as  an agent for the administrator of the Pension Plan and Savings Plan, approved the POA granted by Kenneth Glaser to Robert Glaser.  Thereafter, Kenneth Glaser or his representative acting under the POA requested a distribution from the Pension Plan, and a distribution package dated June 4, 2010 was provided to Kenneth Glaser. Kenneth Glaser elected to receive his pension benefit in the form of a single lump sum payment on a Pension Election Authorization Form (the "Pension Election Form") signed by him on June 4, 2010.  A true and correct copy of the signed Pension Election Form is attached hereto as Exhibit C.

13.    As evidenced by the signed Pension Election Form, Kenneth Glaser retired with a last day worked of June 4, 2010, and the elected pension commencement date was June 5, 2010.

On information and belief, Plaintiff believes and therefore alleges that Kenneth Glaser was not married on June 4, 2010 or thereafter.   Therefore, Kenneth Glaser's election of a lump sum form of payment did not require spousal consent and was not affected by the erroneous information on the Pension Election Form or the erroneous completion of the spousal consent section.

14.      On June 8, 2010, Robert Glaser, acting on behalf of Kenneth Glaser under the POA, contacted the Verizon Benefits Center and instructed that Kenneth Glaser's lump sum distribution from the Pension Plan be rolled over to Kenneth Glaser's account under the Savings Plan.

15.      In accordance with the instruction from Robert Glaser described in paragraph 14, on or about July 1, 2010, Kenneth Glaser's pension benefit was rolled over to the Savings Plan. The amount of the rollover from the Pension Plan to the Savings Plan was $293,373.

16.      Prior to the $293,373 rollover into the Savings Plan Account from the Pension Plan, Kenneth Glaser's Savings Plan account balance was approximately $110,941.

17.      Pursuant to the terms of the Pension Plan, and rules promulgated under the Pension Plan by the administrator of the Pension Plan, Kenneth Glaser's pension benefit should have been paid directly to his Estate and should not have been rolled over to the Savings Plan because Kenneth Glaser died prior to the date the Pension Plan distribution and rollover was completed.

18.      Likewise, under the terms and provisions of the Savings Plan, a rollover contribution from the Pension Plan to the Savings Plan is only permitted when the participant is alive at the time of the rollover.  Accordingly, Kenneth Glaser's rollover contribution to the Savings Plan from the Pension Plan should not have been accepted by the administrator of the Savings Plan.

## COUNT I

**Against Richard Glaser for Recovery of
Erroneous Payment, Constructive Trust and Injunctive Relief**

19.     Plaintiff repeats and realleges paragraphs 1 through 18 above as though fully set forth herein.

20.     Defendant Richard Glaser is the son of Kenneth Glaser.

21.     On September 8, 2005, Kenneth Glaser designated Richard Glaser as the sole primary beneficiary of his benefit under the Savings Plan.  The designation was completed online, and a written record of that designation (the "Savings Plan Beneficiary Designation") is attached hereto as Exhibit D.  The Savings Plan Beneficiary Designation was not revoked or changed by Kenneth Glaser prior to his death.

22.     On July 20, 2010, Kenneth Glaser's Savings Plan account (consisting of the $293,373 lump sum amount rolled over from the Pension Plan plus the prior Savings Plan account balance of approximately $110,941) was transferred to a Savings Plan beneficiary account for the benefit of Richard Glaser.

23.     Thereafter, Richard Glaser requested a distribution of the entire beneficiary account.

24.     In response to the request from Richard Glaser described in paragraph 23, a distribution of the entire balance of the beneficiary account was completed in the form of a direct rollover from the Savings Plan to an Individual Retirement Account ("IRA") for the benefit of Richard Glaser.  The total value of the amount rolled over in cash and in kind to Richard Glaser's IRA was $411,062.

25.     Based on the circumstances and events described herein, Richard Glaser has received $293,373 from the Pension Plan to which he is not entitled.

26.     On October 15, 2010, representatives of the Savings Plan administrator contacted Richard Glaser to discuss the erroneous payment of Kenneth Glaser's pension benefit and to request repayment of such benefit.  During the discussion which occurred on that date, Richard Glaser stated that he had taken a distribution from his IRA of the entire amount rolled over from the Savings Plan.

27.     As of the date of the filing of this Complaint, Richard Glaser has failed to repay the mistakenly paid pension benefit in his possession.

28.     This action seeks to recover specifically identifiable funds paid by the Pension Plan to Richard Glaser that are in his possession and control but belong in good conscience to the Pension Plan.

29.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff is entitled to appropriate equitable relief to enforce the Pension Plan's terms, under which Richard Glaser is not entitled to the mistakenly paid pension benefits, and to enforce the requirements of 29 U.S.C. § 1104.  Plaintiff is entitled to impose a constructive trust on the $293,373 which was mistakenly paid to Richard Glaser, which is in Richard Glaser's possession and control, and to receive equitable restitution in the same amount to recoup the assets that belong in good conscience to the Pension Plan.

30.     Plaintiff has no adequate remedy at law.

Based on the foregoing, Plaintiff prays for the following relief:

(a)     That the Court issue a preliminary injunction prohibiting Richard Glaser from dissipating, transferring, pledging, spending, disposing of, or encumbering the $293,373 mistakenly paid to Richard Glaser, except allowing Richard Glaser to transfer the $$293,373 overpayment to the Pension Plan or its agent, until this case can be resolved on the merits.

Without such relief, Plaintiff will suffer irreparable harm if Richard Glaser dissipates, transfers, pledges, spends, disposes of, or encumbers the $293,373 mistakenly paid to him.

      (b)    That the Court enter judgment in favor of Plaintiff on Count I, imposing a constructive trust in the amount of $293,373 on the specifically identifiable funds in Richard Glaser's custody and control and granting Plaintiff the remedy of equitable restitution of the specifically identifiable funds in the amount of $293,373 or, if the funds have been transferred, imposing a constructive trust and/or equitable lien on the specifically identifiable funds, accounts, or property where those funds may be traced.

      (c)    That the Court award pre-and post-judgment interest.

      (d)    That the Court award Plaintiff its costs, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g).

      (e)    That the Court award such other relief as it deems just and proper.


## COUNT II

**Against Richard Glaser and Robert Glaser as Executor of the Estate of Kenneth Glaser for A Declaratory Judgment and Appropriate Equitable and Injunctive Relief**

31.    Plaintiff repeats and realleges paragraphs 1 through 30 above as though fully set forth herein.

32.    On information and belief, Richard Glaser is a named beneficiary under the last will and testament of his father, Kenneth Glaser.  As alleged in paragraph 5, that will has been probated in the Surrogate's Court of Erie County, New York, and Robert Glaser is the Executor of the Glaser Estate.

33.     During discussions which have recently taken place between counsel for the Glaser Estate and counsel for the VEBC, the Glaser Estate suggested that it had a claim to the pension benefit of Kenneth Glaser.

34.     By virtue of having erroneously received the $293,373 pension benefit, Richard Glaser has received $293,373 which should have been paid to the Glaser Estate rather than to him.

35.     To the extent Plaintiff is not successful in recovering from Richard Glaser all or any portion of the $293,373 which was erroneously paid to him, it would be inequitable to permit him to receive a distribution from the Glaser Estate without offsetting or reducing such distribution by any portion of the $293,373 which he fails to repay to the Pension Plan.

36.     Likewise, to the extent Plaintiff is not successful in recovering from Richard Glaser all or any portion of the $293,373 which was erroneously paid to him, it would be inequitable to permit the Glaser Estate to make a distribution to Richard Glaser without reducing such distribution by the portion of the $293,373 which Richard Glaser fails to repay to the Pension Plan, and either paying that amount to the Pension Plan or reducing the amount of any claim made by the Glaser Estate against the Pension Plan for the pension benefit of Kenneth Glaser.

Based on the foregoing, Plaintiff prays for the following relief:

(a)     That the Court enter a declaratory judgment and make a judicial determination of the parties' rights and obligations arising from the Pension Plan's erroneous $293,373 payment to Richard Glaser which should have been paid to the Glaser Estate, and the effect of the erroneous payment to and beneficiary status of Richard Glaser on any claim which might be asserted by the Glaser Estate against the Pension Plan.

(b)      That the Court award pre-and post-judgment interest.

(c)      That the Court award Plaintiff its costs, including reasonable attorney's

fees.

(d)      That the Court award such other relief as it deems just and proper.

DATED:  Buffalo, New York
          October 26, 2010

                              NIXON PEABODY LLP

                              By _____/s/ Susan C. Roney_____
                                     Susan C. Roney, Esq.
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York   14202
                              Tel:   (716) 853-8100
                              Fax:  (716) 853-8109
                              Email:   sroney@nixonpeabody.com

                              and

                              John A. Reade, Jr., Esq.
                              Duane Morris LLP
                              30 South 17th Street
                              Philadelphia, PA  19103
                              Tel:  (215) 979-1855

                              *Attorneys for Plaintiff*

13213419.1